**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VOXX INTERNATIONAL CORPORATION,<br><br>Defendant. | Civil Action No. 1:25-cv-_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant VOXX International Corporation ("Defendant" or "VOXX International") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | **U.S. Patent No.** | **Reference** |
|---|---|---|
| 1. | 6,560,613 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6560613<br><br>https://patents.google.com/patent/US6560613B1/en?oq=6%2c560%2c613 |
| 2. | 6,651,063 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6651063<br><br>https://patents.google.com/patent/US6651063B1/en?oq=6%2c651%2c063 |
| 3. | 7,209,959 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7209959<br><br>https://patents.google.com/patent/US7209959B1/en?oq=7%2c209%2c959 |

2. Plaintiff seeks monetary damages.

## PARTIES

3. DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, VOXX International Corporation is a corporation organized under the laws of the state of Delaware.

5. Based upon public information, VOXX International Corporation has its principal place of business at 180 Marcus Blvd, Hauppauge, New York 11788 (Suffolk County).

6. Based upon public information VOXX International Corporation may be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

7. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9. Defendant is subject to this Court's specific and general personal jurisdiction under due process because of its substantial business in this Judicial District, in the State of Delaware, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

10. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District, in the State of Delaware, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offers and sends its products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

11. More specifically, Defendant directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Delaware, and in this District.

12. Based on the foregoing, Defendant has significant ties to, and presence in, the State of Delaware and this District, making venue in this Judicial District both proper and convenient for this action.

13. Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## PREVIOUS NOTICE OF THE ASSERTED PATENTS

14. Defendant was previously notified of the applicability of DataCloud's patent portfolio to Defendant's products and services, and of Defendant's infringement of the Asserted Patents, by way of the letter(s) listed below:

- 1/22/21 – DigiMedia letter sent to Mr. Patrick M. Lavelle (CEO) – *via* Email
- 9/14/21 – Follow-up email
- 1/4/23 – Follow-up email
- 10/18/23 –Licensing Email
- 2/21/24 – Follow-up email
- 6/23/25 – Follow-up email

- 7/8/25 – Follow-up email
- 9/26/2025 - Notice Letter

**COUNT I: <u>INFRINGEMENT OF U.S. PATENT NO. 6,560,613</u>**

15.     Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

16.     U.S. Patent No. 6,560,613 (the "'613 patent") was issued on May 6, 2003 after full and fair examination by the USPTO of Application No. 09/500,212 which was filed on February 8, 2000.  The '613 patent is titled "Data organization and management system and method."  *See* '613 patent at p.1.  A Certificate of Correction was issued on August 26, 2003.

17.     DataCloud owns all substantial rights, interest, and title in and to the '613 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

18.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '613 patent.

19.     The written description of the '613 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

20.     The claims of the '613 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network

activity for individual clients and groups of clients.

21.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '613 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

22.     For instance, Defendant performed at least claim 11 of the '613 patent by performing a method in a computer system for disambiguating file descriptors, the method comprising: intercepting system calls that establish a file stored on media; intercepting system calls that create a copy of at least one file descriptor; storing at least one indicator that a file descriptor established by an intercepted system call is associated with a file stored on media; storing at least one indicator concerning a created copy of a file descriptor; and examining at least one stored indicator to determine with what file type a file descriptor is associated.

23.     In the relevant time period, VOXX International used a high-performance content delivery network (CDN) for the delivery of data to its users to enhance web performance with real-time caching and edge computing.  It supported virtualization technologies, enabling flexible deployment in cloud-native and containerized environments to deliver content closer to users, reducing latency and improving load times for dynamic applications.  Defendant infringed as shown in **Exhibit A** (Evidences of Use).

24.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

25.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,651,063

26. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

27. U.S. Patent No. 6,651,063 (the "'063 patent") was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000. The '063 patent is titled "Data Organization And Management System And Method." *See* '063 patent at p.1. A Certificate of Correction was issued on February 3, 2004. *See id.* at p.19.

28. DataCloud owns all substantial rights, interest, and title in and to the '063 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

29. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '063 patent.

30. The written description of the '063 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31. The claims of the '063 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by providing an organization scheme to streamline the process for storage and retrieval of information through a combination

of automatic categorization and user influence.

32. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

33. For instance, Defendant performed at least claim 4 of the '063 patent by performing a method for providing information to one or more users of a system comprising the steps of: storing information to be provided in an information pack; associating with said information pack at least a user destination address associated with one of a multiplicity of user data repositories each of said user data repositories associated with at least one of said users and a category identifier; associating with said information pack a provider identifier; communicating said information pack by means of a network to said user data repository associated with the user destination address; locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds; and further comprising, after said step of communicating the information pack to said user data repository associated with the user destination address, the steps of: creating a custom location in said user data repository; placing said information pack in said custom location; associating a custom category identifier with said information pack; sending a custom category signal to a processing station uniquely associated with said user data repository including a data storage means and a data processing means, said data storage means storing together said custom category identifier and said provider identifier, and said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider

identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location.

34.	During the relevant time period, VOXX International's subsidiary Klipsch provided the Klipsch Stream App which was accessible *via* the Google Play Store. In order to download the app to an Android phone, Klipsch Stream associated the APK file with a user destination address, such as an IP address. Windows File Explorer allowed users to administer the files. The information pack (*e.g.,* APK file) was associated with a provider identifier, such as the organization (O) of "Klipsch" in an APK certificate. The information pack (*e.g.,* APK) was communicated by a network to the data repository as recited. The information pack (*e.g.,* Klipsch Stream App data) was located in a data repository as recited. com.klipsch.playfi created a custom location (*e.g.,* directory) in a said data repository (*e.g.,* subdirectories for apps in "data"). com.klipsch.playfi placed said information pack (*e.g.,* subdirectories for Klipsch Stream APP) in a said custom location. The digital signature, or modulus, is an example of a custom category identifier, which is associated with the information pack (*e.g.,* APK). Updating the app is an example of sending a custom category signal as recited. The data repository included the recited data storage means and data processing means. Valid Android APK files contained a signature that allows to identify the author of the APK file. Defendant infringed as shown in **Exhibit B** (Evidences of Use).

35.	Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

36.	Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot

be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,209,959

37. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-14 above as though fully set forth in their entirety.

38. U.S. Patent No. 7,209,959 (the "'959 patent") was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000. The '959 patent is titled "Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network." *See* '959 patent at p.1.

39. DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

40. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

41. The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42. The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network

activity for individual clients and groups of clients for, among other reasons, security, traffic management, and routing purposes.

43. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

44. For instance, Defendant performed at least claim 1 of the '959 patent by performing a method comprising: in response to a request by a client to initiate communication with a destination website; setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client; employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder; employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server; and in response to the

controller receiving the answer from the domain name server and initiating communication with the forwarder, initiating the forwarding session.

45. During the relevant time period, VOXX International's subsidiary Klipsch's website infrastructure (www.klipsch.com) performed the recited method and step which shows the details for responding to website requests with Developer Tools enabled. The system depicted a high-level overview of the hosting of dynamic websites, such as used with Klipsch website infrastructure on information and belief. For a destination web server hosted, the web server appeared to have a direct TCP connection between the local address (*e.g.,* 192.168.29.92:54920) and the client address (*e.g.*, of 74.82.60.30:443)*,* the public IP). Thus, neither the client nor the destination server was aware of the employment of the forwarder. Domains names hosted by Klipsch were queried by the controller to resolve the name of the destination website associated with the destination server, such as "www.klipsch.com". For example, in the complete list of 48 subdomain names for Klipsch, other names shared the same IP address such as staging2.klipsch.com. The domain name server must be queried to find a corresponding private IP address of the destination website when subdomains share the public IP address. Klipsch's website infrastructure performed the recited step. The deceiver both (i) received the request and (ii) later sent the data from the destination server in a manner that makes the deceiver appear to be the source of the data when the source of the data is actually the destination server. Defendant infringed as shown in **Exhibit C** (Evidences of Use).

46. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

47. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot

be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

48. Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

49. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   B. An award of damages to be paid by Defendant adequate to compensate Plaintiff Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

   D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   E. Any further relief that this Court deems just and proper.

Dated: <u>January 9, 2026</u>                Respectfully submitted,

**STAMOULIS & WEINBLATT LLC**

<u>/s/  Stamatios Stamoulis   </u>

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street. Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com
Email: weinblatt@swdelaw.com

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

**Attorneys for *Plaintiff DATACLOUD TECHNOLOGIES, LLC***

*\* Admission pro hac vice anticipated*

**EXHIBITS**

A.  Evidence of Use – U.S. Patent No. 6,560,613
B.  Evidence of Use – U.S. Patent No. 6,651,063
C.  Evidence of Use – U.S. Patent No. 7,209,959